IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE CHASTAIN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1793-M-BN |
| | § | |
| WELLS FARGO BANK, NA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 4. Wells Fargo Bank N.A. ("Wells Fargo") and HSBC Bank U.S.A., N.A. ("HSBC" and, with Wells Fargo, collectively the "Defendants") have filed a Motion to Strike Plaintiff's Expert Disclosure [Dkt. No. 29]. For the reasons stated herein, Defendants' motion to strike should be denied.

Defendants challenge Plaintiff's Rule 26(a)(2) Disclosure of Expert Testimony, which reports that Plaintiff Kellie Chastain Johnson will provide lay opinion testimony under Federal Rule of Evidence 701 regarding "the market value of the property and damages resulting from acts of Defendants." *See* Dkt. No. 29 at 10. Defendants contend that Plaintiff should not be permitted to provide expert testimony under Federal Rule of Evidence 702, that Plaintiff is not eligible to provide lay opinion testimony under Federal Rule of Evidence 701 about the value of her property or her alleged damages,

and that such designation in an expert disclosure is unauthorized and confusing. *See* Dkt. Nos. 29 & 32.

Under Texas's Property Owner Rule,"[g]enerally, a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property." *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 852-53 (Tex. 2011); *see also United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982) (observing that "the opinion testimony of a landowner as to the value of his land is admissible without further qualification"); *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 433-34 (5th Cir. 1982) (same). But Texas law does not require or provide that the individual must be designated as expert witnesses in order to do so.

Another judge of this Court addressed a similar issue in *Sosa v. Citimortgage, Inc.*, No. 3:10-cv-2073-K, 2011 WL 10915874, at *1 (N.D. Tex. Aug. 15, 2011). There, Judge Ed Kinkeade considered a motion to strike the expert disclosure of property owners who designated themselves as non-retained expert witnesses testifying "as to the market value of the property and the damages resulting from the acts of the Defendant." *Id.* at *1. Completely agreeing with the Western District of Texas's rationale and legal basis in *Stinson Air Ctr., LLC v. Speciality Ins. Co.,* No. SA-03-CA-61-FB, 2005 WL 5979097 (W.D. Tex. July 8, 2005), Judge Kinkeade granted the motion to strike the expert designation, finding that the plaintiffs "may not testify as expert witnesses as to the value of this property or as to their economic damages. They may,

however, testify as fact witnesses as to these matters or any other matters within their personal knowledge." *Sosa*, 2011 WL 10915874, at *1.

Defendants are correct that Texas law does not require that the owner be designated as an expert to testify to these matters and that any expert designation would not assist the jury in understanding the evidence or in making a factual determination; instead, it would only "confuse the jury and give undue significance to [her] testimony." *Id.* (citing *Stinson*, 2005 WL 5979097, at *3). But Plaintiff has made clear that she does not wish to be designated as an expert witness under Rule 702 and only seeks to provide notice that she will give lay opinion testimony as to the market value of her property. *See* Dkt. No. 29 at 10 ("Plaintiff is not designated as an expert"); Dkt. No. 31 at 2 ("the Court should not grant Defendants' Motion to Strike Plaintiff's Experts, since Plaintiff is not an expert"). Understood as such, Defendants' motion should be denied.

## Recommendation

Defendants' motion to strike [Dkt. No. 29] should be denied. Plaintiff does not seek to be designated as an expert witness under Federal Rule of Evidence 702 but should be permitted to provide lay opinion testimony under Federal Rule of Evidence 701 about the value of her home and extent of her damages.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Assen*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE