IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELLIE CHASTAIN JOHNSON,            §
                                    §
            Plaintiff,              §
                                    §
V.                                  §            No. 3:13-cv-1793-M-BN
                                    §
WELLS FARGO BANK, NA, ET AL.,       §
                                    §
            Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt.

No. 4. Wells Fargo Bank N.A. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC"

and, with Wells Fargo, collectively the "Defendants") have filed motions to dismiss

[Dkt. Nos. 9 & 22] under Fed. R. Civ. P. 12(b)(6). Defendants' motions to dismiss should

be granted.

**Background**

This is an action involving foreclosure proceedings instituted against Plaintiff

Kellie Chastain Johnson, a Texas citizen, by Defendants Wells Fargo, a national

banking association with a principal place of business in South Dakota, and HSBC, a

foreign financial institution with a principal place of business in Virginia. Plaintiff, in

both her complaint and First Amended Complaint, asserts claims for (1) violations of

the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of the Texas

Property Code; (3) breach of contract and waiver; (4) unjust enrichment; (5) violations of the Texas Debt Collection Practices Act ("TDCA"); (6) negligence; (7) negligent misrepresentation; and (8) common law fraud. Plaintiff also seeks as remedies: (1) a declaratory judgment; (2) an accounting; and (3) equitable relief.

Plaintiff brought the instant action in the 413th Judicial District Court of Johnson County, Texas, and it was timely removed by Defendants. The Defendants then filed the motion to dismiss. *See* Dkt. No. 9. Plaintiff, with leave of Court, filed the First Amended Complaint, *see* Dkt. No. 17, and Defendant filed a motion to dismiss that complaint, *see* Dkt. No. 22. Plaintiff filed a response opposing the motions to dismiss, *see* Dkt. No. 25, and Defendants filed a reply, *see* Dkt. No. 27. The Rule 12(b)(6) motions are now ripe for consideration.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However,

if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Here, Plaintiff has attached the Deed of Trust, dated March 10, 2005, to her amended complaint. *See* Dkt. No. 17-2 at 1-12. The Defendants attached to their motion to dismiss the Corporate Assignment of Deed of Trust, dated April 17, 2012, which assigned the Deed of Trust from the Mortgage Electronic Registration Systems, Inc. to HSBC (the "Assignment"). *See* Dkt. No. 23 at 3-5.

The Court may clearly consider the Deed of Trust, which is part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. The Court may also consider the Assignment, which is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Because the documents attached to the Motion to Dismiss are either part of the pleadings, referenced in the pleadings and central to Plaintiff's claims, or matters of public record on file with the Johnson County Clerk's Office and therefore subject to judicial notice, there is no need to convert the motions to dismiss into a motion for summary judgment.

## Analysis

### I. Breach of Contract

<u>Possession of the Note</u>

Plaintiff alleges that Defendants breached the Deed of Trust by wrongfully attempting to foreclose on the property at issue despite the fact that they "have no authority to foreclose." Dkt. No. 17 at 11-15. That is, Plaintiff contends that, because Mortgage Electronic Registration Systems, Inc. ("MERS") is only identified in the Deed of Trust and never held or owned the Note, it is incapable of transferring it to Wells Fargo. *See id.* Plaintiff also urges that the right to foreclose cannot be asserted until the foreclosing party establishes that they are the holder or owner of the Note. *See id.* These meritless claims should be dismissed with prejudice.

Here, the Deed of Trust names MERS as the beneficiary, making it the original

mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(A); Dkt. No. 17-2 at 1-2. The Deed of Trust also identified MERS as the nominee for the Lender and its successors and assigns. *See* Dkt. No. 17-2 at 2. As the Deed of Trust's beneficiary, MERS held legal title to the property and had the right to foreclose and sell the property upon default, and therefore MERS had the inherent authority to assign the Note and Deed of Trust. *See Coleman v. Bank of N.Y. Mellon,* No. 3:12-cv-4783-M-BH, 2013 WL 1187158, at *3 (N.D. Tex. Mar. 4, 2013), *rec. adopted,* 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013). "Any assignment by MERS was therefore valid, and any assignee became the new mortgagee and acquired all of MERS's rights." *Id.*; *accord Hudson v. Citimortgage, Inc.*, No. 3:12-cv-4128-K, 2013 WL 6284045, at *3 (N.D. Tex. Dec. 2, 2013). And the Assignment, available in the public records, shows that the Deed of Trust was assigned from MERS to Defendants. *See* Dkt. No. 23 at 3-5.

As such, Plaintiff's claims that are based on her theory that MERS lacked the authority to assign the Deed of Trust to Defendants should be dismissed.

Plaintiff appears to argue that Defendants did not have the right to foreclose under a "split-the-note" theory – essentially claiming that transfer of a deed of trust by way of MERS "splits" the note from the deed of trust, rendering both null. In order to foreclose, the theory goes, a party must hold both the note and the deed of trust. However, the United States Court of Appeals for the Fifth Circuit has unambiguously rejected this argument. *See Martins v. BAC Home Loans Servicing,* L.P., 722 F.3d 249, 255-56 (5th Cir. 2013). While it recognized a "few" sources in Texas law that support the "split-the-note" theory, in *Martins,* the Fifth Circuit explained that the "weight of

Texas authority" suggests the opposite. *Id.* at 254. The Court of Appeals concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC – the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose.

*Id.* at 255.

In this case, Defendants are both the mortgage servicer and the mortgagee. *See* TEX. PROP. CODE § 51.0001(3), (4)(C); Dkt. No. 12 at 3-5 (showing that Defendants have a valid assignment and are therefore the mortgagee). Both the mortgagee and the mortgage servicer have the authority to foreclose. *See* TEX. PROP. CODE § 51.0025; *Reynolds v. Bank of Am., N.A.*, No. 3:12-cv-1420-L, 2013 WL 1904090, at *8 (N.D. Tex. May 8, 2013).

As such, Plaintiff's argument related to the split-the-note theory is unavailing and fails as a matter of law.

Plaintiff also claims that, because Defendants did not have or establish possession of the Note, they did not have the authority to foreclose. *See* Dkt. No. 17 at 12-13. This "show-me-the-note" theory posits that, to foreclose, a party must produce the original note. *See Martins,* 722 F.3d at 253. "Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes assignments of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.* at 254. As such, Plaintiff's arguments that, in order

to foreclose, a party must either show it is the holder or assignee of the note, have been soundly rejected in this circuit, and her claims fail as a matter of law.

For these reasons, Plaintiff's cause of action based on Defendants' lack of authority to foreclose on the Property should be dismissed with prejudice.

Alleged Breach of Deed of Trust and Waiver in Connection with Loan Modification

Plaintiff also urges that Defendants breached the Deed of Trust by telling her that she qualified for a loan modification and would be able to start a repayment plan and then deceptively posting her property for foreclosure. *See* Dkt. No. 17 at 13-15. By this conduct, Defendants allegedly acted inconsistently with the right to accelerate and foreclose and waived such right. *See id.* Specifically, Plaintiff alleges that Defendants repeatedly told her that her loan was being reviewed for a modification, that Plaintiff should not make payments, and that they would not foreclose upon the Property while Plaintiff's loan was being reviewed. *See id.* at 5-8 & 13-15.

Defendants argue that Plaintiff's breach of oral contract and waiver allegations are barred by the statute of frauds and that waiver is defensive in nature and does not create an independent cause of action. *See* Dkt. No. 22 at 8-9. Plaintiff responds that Defendants' promises not to foreclose do not constitute a modification to the contract and therefore do not fall under the statute of frauds. *See* Dkt. No. 26 at 16-17.

Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. COM. CODE § 26.02(b). The term "loan agreement" includes

any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). A promise to postpone foreclosure and accept payment, such as Plaintiff has alleged, is subject to the statute of frauds. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *Berry v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *6-*7 (N.D. Tex. Mar. 29, 2013). And where, as here, Plaintiff does not allege that Defendants promised to sign a prepared document that comports with Texas's statute of frauds, this omission is fatal to Plaintiff's claim and is a proper basis for dismissal on a Rule 12(b)(6) motion. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *see also Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, at *7 (N.D. Tex. Dec. 27, 2013).

Plaintiff's breach of oral contract and waiver argument is therefore barred by the statute of frauds, and these claims should be dismissed with prejudice.

## II.   Common Law Fraud

Plaintiff alleges that Defendants falsely represented to Plaintiff that they had the authority to service the loan and/or foreclose on the Property. *See* Dkt. No. 17 at 19-20. "To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Plaintiff alleges that Defendants repeatedly misled her with false information regarding their authority under the Note and Deed of Trust, which caused her to make mortgage payments to Defendants. *See* Dkt. No. 17 at 19-20. But, as explained above, Defendants had the authority to service the loan and institute foreclosure proceedings. Accordingly, any claim for fraud on this basis should be dismissed with prejudice.

## III.   Unjust Enrichment

Plaintiff alleges, "as an alternative to the breach of contract claim," that by engaging in an unlawful course of conduct, Defendants "have obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage." Dkt. No. 17 at 15-16. Defendants move to dismiss this claim because a contract between the parties governs the dispute. *See* Dkt. No. 22 at 11-12. "The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd*, 466 S.W.2d 467 (Tex. 1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Id.*; *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment."); *Coleman,* 2013 WL 1187158, at *6 ("In

Texas, there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute." (quotations omitted)).

In this case, the subject matter of dispute – Plaintiff's payment of the Note – is expressly governed by contract, and Plaintiff has not pled, and cannot plead, a claim for unjust enrichment as a matter of law. Plaintiff contends that equitable claims such as unjust enrichment may be pled in the alternative to a breach of contract claim. *See* Dkt. No. 26 at 18-19. But such alternative pleading is not available in this situation. "A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute." *Taliaferro v. Samsung Telecomms. Am., Inc.*, No. 3:11-cv-1119-D, 2012 WL 169704, at *9 (N.D. Tex. Jan. 19, 2012) (applying Georgia law); *see also Fortune Prod. Co.,* 52 S.W.3d at 684 ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory.... Accordingly, when a party claims that it is owed more than the payments called for under a contract, there can be no recovery for unjust enrichment 'if the same subject is covered by [the] express contract.'") (citations omitted).

Here, both Plaintiff and Defendants stipulate to the validity of the contract. Therefore, Plaintiff's unjust enrichment claim should be dismissed with prejudice.

## IV. Negligence and Negligent Misrepresentation

Plaintiff alleges that Defendants negligently made false statements that they had legal capacity to collect payments on her mortgage loan, that Plaintiff should not

make payments on her account, that she qualified for a loan modification, and that Defendants would not foreclose during the loan modification process. *See* Dkt. No. 18 at 18-19 & 20-21. Defendants argue that Plaintiff's negligence and negligent misrepresentation claims are barred by the economic loss doctrine. *See* Dkt. No. 22 at 12-13.

The undersigned agrees. The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *See Hernandez*, 2013 WL 6840022, at *8 (citing *Scott v. Wells Fargo Bank, NA*, No. 4:11-cv-600, 2013 WL 5450600, at *8 (E.D. Tex. Sept. 30, 2013)). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *accord Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658 (table), 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an

act in the future is not actionable because it does not contain an existing fact. *See Alexander*, 2007 WL 1576260, at *6.

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960

S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95.

The undersigned concludes that Plaintiff's negligence and negligent misrepresentation claims, based on the foregoing theories, are barred by the economic loss doctrine. Plaintiff does not allege any facts to support the existence of a special relationship with Defendants. Moreover, even assuming the truth of Plaintiff's allegations, her claims fail because she has failed to allege an injury independent from the subject matter of the contract. *See Scott*, 2013 WL 5450600, at *9 (dismissing negligent misrepresentation claim under economic loss doctrine); *see also Williams v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012) (concluding that the plaintiffs' negligence claims, based on allegations that the defendants negligently performed their side of the agreement, negligently misrepresented the terms of the loan modification, and misrepresented to the plaintiffs that they would not foreclose on the property, arose out of alleged breaches of the loan modification or the defendants' negligence in their performance of the loan agreement, but, under Texas law, "'the failure to perform the terms of a contract is a breach of contract, not a tort'" (quoting *Jim Walter Homes, Inc.*, 711 S.W.2d at 618)).

Plaintiff alleges emotional distress and mental anguish damages for her negligence claim. *See* Dkt. No. 26 at 21. But, in the absence of any pleaded special relationship with Defendants or other extraordinary circumstances, Plaintiff has not pleaded a plausible basis to recover emotional distress or mental anguish damages. *See Choe v. Bank of Am., N.A.*, No. 3:13-cv-120-D, 2013 WL 3196571, at *7 (N.D. Tex. June 25, 2013); *accord Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at

*12 (N.D. Tex. May 30, 2012) ("Similarly, Texas law does not recognize negligent infliction of emotional distress as a viable cause of action."). As for negligent misrepresentation, Plaintiff alleges that she sustained damages, including but not limited to court costs and exemplary damages, *see* Dkt. No. 17 at 18-19, but these alleged damages will not avoid the economic loss doctrine bar, particularly where Plaintiff has not even pleaded any basis, such as malice or gross negligence, for recovering exemplary damages under Texas law, *see Miller v. CitiMortgage, Inc.*, No. 3:11-cv-2786-L, 2013 WL 4766808, at *12-*13 (N.D. Tex. Sept. 5, 2013). And Plaintiff is seeking by both of these tort claims recovery of economic or actual damages that are recoverable under a breach of contract claim. *See New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912, 915-16 (5th Cir. 2012).

Plaintiff's negligence and negligent misrepresentation claims therefore are barred by the economic loss doctrine and should be dismissed with prejudice.

## V.    Violations of the Texas Property Code

Plaintiff asserts violations of the Texas Property Code based on Defendants' alleged failure to provide Plaintiff with proper notice regarding the acceleration of Plaintiff's loan and, again, because Defendants allegedly had no authority to foreclose under the Note and Deed of Trust. *See* Dkt. No. 17 at 10-11. Defendants assert that all such claims are barred as moot because no foreclosure sale has occurred. *See* Dkt. No. 22 at 13-14.

Chapter 51 of the Texas Property Code, on which Plaintiff's claim rests, sets out the notice requirements and procedures for conducting a foreclosure sale. *See* TEX.

PROP. CODE § 51.002. Based on the facts set forth in the complaint and amended complaint, Plaintiff has not pled that a foreclosure sale has occurred. Indeed, it is not disputed that Plaintiff obtained a restraining order preventing a foreclosure sale, and Plaintiff here requests injunctive relief from this Court to prevent a foreclosure sale. *See* Dkt. No. 17 at 8 & 21-23. It is apparent that no foreclosure sale had occurred at the time this suit was brought.

Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should be dismissed. *See Mahmood v. Bank of Am., N.A.,* No. 3:11-cv-3054-M-BK, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012), *rec. adopted*, 2012 WL 527901 (N.D. Tex. Feb. 16, 2012) (granting motion to dismiss claim under Chapter 51 of the Property Code where no foreclosure sale had occurred); *see also Caballero v. Wells Fargo Bank, N.A.,* No. 3:11-cv-1385-O-BD, 2011 WL 6039953, at *1 n.2 (N.D. Tex. July 25, 2011), *rec. adopted*, 2011 WL 6039950 (N.D. Tex. Dec. 5, 2011) (same).

## VI.   Violations of the TDCA

Plaintiff claims that Defendants violated the TDCA by: (1) using false representations or deceptive means to collect a debt under Texas Finance Code § 392.304(a)(19); (2) misrepresenting the character, extent, or amount of a consumer debt under Texas Finance Code § 392.304(a)(8); (3) attempting to collect charges incidental to the obligation under Texas Finance Code § 392.303(a)(2); and (4) foreclosing when the law prohibits it in violation of Texas Finance Code § 392.301(a)(8). *See* Dkt. No. 17 at 16-17.

Defendants assert that Plaintiff's TDCA claims should be dismissed because Wells Fargo is not a debt collector as defined by the TDCA; because Plaintiff fails to allege facts to establish the elements of a TDCA action; and because her allegations of wrongdoing relate to her requests for modification rather than any attempt to collect on the loan. *See* Dkt. No. 22 at 15-17. In support of her TDCA claim, Plaintiff alleges that Defendants:

> misrepresented that they had legal capacity to collect on Plaintiff's mortgage loan. Defendants deceptively informed Plaintiff not to make two months of payments while her loan was in underwriting, and then denied Plaintiff's loan modification leaving Plaintiff in further default. Defendants then began to deceptively attempt to foreclose on Plaintiff's property. Further, Defendants misrepresented the amounts allegedly owed by Plaintiff on her mortgage loan and imposed wrongful charges (i.e. penalties, fees, corporate advances) on Plaintiff's mortgage account thus using a deceptive means to collect a debt.

Dkt. No. 17 at 17.

Initially, the Fifth Circuit has made clear that mortgage "servicers and assignees *are* debt collectors, and therefore *are* covered, under the TDCA." *Miller*, 726 F.3d at 723 (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis in original); *accord Starling v. JPMorgan Chase Bank, N.A.,* No. 3:13-cv-777-M-BN, 2013 WL 4494525, at *7 (N.D. Tex. Aug. 22, 2013) ("Because Defendant is attempting to collect on the mortgage note and foreclose on the Property, it is a debt collector under the TDCA.").

"For a statement to constitute a misrepresentation under the TDCA, a defendant must have made a 'false or misleading assertion.'" *Smith v. Wells Fargo Bank, N.A.,* No. 3:12-cv-4633-K-BN, 2013 WL 3324195, at *12 (N.D. Tex. June 28, 2013) (quoting *Cox*

-17-

*v. Hilco Receivables, L.L.C.,* 726 F. Supp. 2d 659, 667 (N.D. Tex. 2010)). The undersigned has already concluded that Defendants had legal capacity to collect on the mortgage loan and initiate foreclosure proceedings, so Plaintiff's identical allegations under the TDCA fare no better. *See Wilson v. Bank of New York Mellon*, No. 3:12-cv-4636-M-BN, 2013 WL 5273328, at *10 (N.D. Tex. Sept. 18, 2013).

Plaintiff's claim that Defendants deceptively informed Plaintiff to stop making payments while her loan was being reviewed should be dismissed as barred by the statute of frauds. *See Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 793-94 (N.D. Tex. 2013) (dismissing TDCA claim based on allegations that defendants orally misrepresented that they would postpone foreclose as barred by the statute of frauds); *cf. Miller*, 726 F.3d at 726. "Discussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt." *Fath v. BAC Home Loans*, No. 3:12-cv-1755-O, 2013 WL 3203092, at *5 (N.D. Tex. June 25, 2013) (quoting *Watson v. Citimortgage, Inc.,* No. 4:10-cv-707, 2012 WL 381205, at *7 (E.D. Tex. Feb. 3, 2012)); *accord Thomas v. EMC Mortg. Corp.,* No. 12-10143, 2012 WL 5984943, at *4 (5th Cir. Nov. 30, 2012); *Rhodes v. Wells Fargo Bank, N.A.,* No. 3:10-cv-2347-L, 2012 WL 5363424, at *33 (N.D. Tex. Oct. 21, 2012).

Although Plaintiff contends that Defendants "began to deceptively attempt to foreclose on Plaintiff's property," *see* Dkt. No. 17 at 17, the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings," TEX. FIN. CODE § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Co.*, No. 3:03-cv-1212-R, 2004 WL

-18-

1238180, at *3 (N.D. Tex. Feb. 26, 2004). And, again, Plaintiff's allegations regarding fraud, assignment, and Defendants' authority are without merit. Under these circumstances, the threat of foreclosure cannot be considered an "action prohibited by law." *See Smith,* 2013 WL 3324195, at *11.

Finally, Plaintiff contends that Defendants "misrepresented the amounts allegedly owed by Plaintiff on her mortgage loan and imposed wrongful charges ... on Plaintiff's mortgage account thus using a deceptive means to collect a debt." Dkt. No. 17 at 17. Section 392.304(a)(8) of the TDCA states that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that ... misrepresent[s] the character, extent, or amount of a consumer debt[.]" TEX. FIN. CODE § 392.304(a)(8). For a statement to constitute a misrepresentation under the TDCA, Defendants must have made a false or misleading assertion. *Narvaez v. Wilshire Credit Corp.,* 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010) (citing *Reynolds v. Sw. Bell Tel., L.P.,* No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App. – Fort Worth, June 29, 2006, pet. denied)). A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA. *See Baker v. Countrywide Home Loans, Inc.,* No. 3:08-cv-916-B, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009); *see also Steele v. Green Tree Servicing, LLC,* No. 3:09-cv-603-D, 2010 WL 3565415, at *5 n.6 (N.D. Tex. Sept. 7, 2010).

Here, however, Plaintiff does not set forth any facts to suggest that the alleged misrepresentations related to the "character, extent, or amount" of her debt. Instead,

she challenges the statements made that led her to pay three installments of $1,325.00 – more than her regular monthly mortgage payments – in order to qualify for a loan modification. *See* Dkt. No. 17 at 17; Dkt. No. 26 at 19-20. That is, Plaintiff challenges the statements made regarding <u>how</u> she may satisfy an existing debt and obtain modification of the debt owed, not statements made regarding the <u>character, extent, or amount</u> of the debt. To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiff's debt. *See Garrett v. HSBC Bank USA, N.A.,* 3:12-cv-12-D, 2012 WL 1658796, at *3 (N.D. Tex. May 11, 2012) ("In other words, the court is unable to discern from plaintiffs' state-court petition how HSBC misrepresented the character, extent, or amount of plaintiffs' debt. Because plaintiffs have failed to support their TDCPA claim with any facts from which the court can reasonably infer that HSBC violated the Texas Finance Code, the court grants HSBC's motion and dismisses plaintiffs' TDCPA claim."). Plaintiff made no allegations related to a misrepresentation made by Defendant – other than her conclusory allegations tracking the TDCA's statutory language – or even how the debt was misrepresented. Absent any such allegations, the claim under Section 392.304(a)(8) should be dismissed without prejudice. *See Smith,* 2013 WL 3324195, at *12.

## VII.   Violations of RESPA

Plaintiff alleges that Defendants violated RESPA – specifically, 12 U.S.C. § 2605(k)(1) – by failing to send proper notice regarding hazard insurance and improperly obtaining force-place insurance. *See* Dkt. No. 17 at 9-10. Defendants urge that Plaintiff

has failed to allege that the loan is a "federally related mortgage loan" and that, accordingly, the RESPA claim should be dismissed. *See* Dkt. No. 22 at 17. District courts in the Fifth Circuit have observed that

> [t]he Fifth Circuit has not yet addressed this issue, but courts in other jurisdictions have held that a plaintiff who does not specifically allege that his mortgage loan was a 'federally related mortgage loan' in his complaint does not have standing to assert a RESPA claim, and thus such claims must be dismissed.

*Loraso v. JP Morgan Chase Bank, N.A.,* No. 13-4734, 2013 WL 5755638, at *8 (E.D. La. Oct. 23, 2013) (quoting *Middleton v. Ameriquest Mortg. Co.,* No. 10-146, 2010 WL 2653293, at *4 (S.D. Miss. June 24, 2010)). In *Middleton*, the plaintiff failed to allege a federally-related mortgage, but the court granted the plaintiff leave to file an amended complaint to allege the existence of such a mortgage. *See Middleton*, 2010 WL 2653293, at *4.

Defendants are correct that Plaintiff's amended complaint does not specifically allege that the mortgage in question is federally-related. However, the Court should grant Plaintiff leave to amend her complaint to specifically allege that the mortgage is a federally-related mortgage. Plaintiff's RESPA claim should therefore be dismissed without prejudice.

The undersigned notes that, in their reply brief, Defendants contend that Plaintiff's RESPA claims should be dismissed because she fails to allege that she suffered pecuniary losses. *See* Dkt. No. 27 at 10. Defendants' raising these arguments for the first time in the reply brief deprived Plaintiff of the opportunity to respond. The arguments should, therefore, not be considered by the Court. *See Hurd v. BAC Home*

*Loans Servicing, LP,* 880 F. Supp. 2d 747, 760 n.3 (N.D. Tex. 2012) (citing *Springs Indus., Inc. v. Am. Motorists Ins. Co.,* 137 F.R.D. 238, 239 (N.D. Tex. 1991)).

## VIII.  Equitable Relief, Declaratory Judgment, and Accounting

Plaintiff seeks equitable relief, a declaratory judgment, and an accounting. *See* Dkt. No. 17 at 21-23. Defendants move to dismiss Plaintiff's request for equitable relief because there is a contract between the parties that governs the dispute. *See* Dkt. No. 22 at 18. In addition, Defendants move to dismiss Plaintiff's request for an accounting because her underlying claims fail and she does not allege any facts indicating that adequate relief cannot be obtained at law. *See id.* Defendants challenge Plaintiff's eligibility for declaratory judgment because such a claim is not available to settle disputes already pending before a court. *See id.* at 19. Because the undersigned has determined that none of Plaintiff's claims can withstand dismissal at this time, Plaintiff's requests for declaratory and injunctive relief as well as an accounting cannot survive. Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief). An accounting also is an equitable remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.,* No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011).

For these reasons, Plaintiff's claims for declaratory judgment, injunctive relief, and an accounting should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant's motions to dismiss [Dkt. Nos. 9 & 22] with prejudice as to Plaintiff's claims based on: (1) breach of contract based upon Defendant's lack of authority to foreclose; (2) breach of contract and waiver based upon oral promises allegedly made in connection with loan modification; (3) common law fraud insofar as it is based on Defendant's lack of authority to carry out actions against Plaintiff; (4) unjust enrichment; (5) negligence or negligent misrepresentation; (6) Chapter 51 of the Texas Property Code; and (7) the Texas Debt Collect Act based on based on Defendant's lack of authority and statements regarding loan modification. The Court should grant Defendants' motion to dismiss without prejudice as to (1) Plaintiff's TDCA claim based upon misrepresentations regarding amounts owed on her mortgage loan and alleged wrongful charges; (2) Plaintiff's RESPA claims; and (3) Plaintiff's requests for declaratory judgment, injunctive relief, and an accounting. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Assen*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        DATED: January 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE