IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE CHASTAIN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1793-M-BN |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 4. Wells Fargo Bank N.A. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC" and, with Wells Fargo, collectively the "Defendants") have filed a Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss") under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 45.

Defendants' Motion to Dismiss [Dkt. No. 45] should be granted.

**Background**

This is an action involving foreclosure proceedings instituted against Plaintiff Kellie Chastain Johnson, a Texas citizen, by Defendants Wells Fargo, a national banking association with a principal place of business in South Dakota, and HSBC, a foreign financial institution with a principal place of business in Virginia. District Judge Barbara M. G. Lynn entered an order accepting the Findings,

Recommendations, and Conclusion of the undersigned and dismissing Plaintiff's First Amended Complaint with prejudice as to certain claims and without prejudice as to others. *See* Dkt. No. 43. Plaintiff subsequently filed a Second Amended Complaint [Dkt. No. 44], alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the Texas Debt Collection Practices Act ("TDCA"), claims that were both previously dismissed, at least in part, without prejudice, *see* Dkt. No. 43.

Defendants moved to dismiss Plaintiff's Second Amended Complaint [Dkt. No. 45]. Plaintiff filed a Response asserting that the Motion to Dismiss should be denied as to her TDCA claim but withdrawing her RESPA claim. *See* Dkt. No. 51. Defendants filed a Reply. *See* Dkt. No. 53.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim

-2-

for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453

B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Plaintiff attached the Deed of Trust, dated March 10, 2005, to her Second Amended Complaint. *See* Dkt. No. 44-1 at 1-12. The Defendants attached to their Motion to Dismiss a Consent Judgment that was entered on April 4, 2012 in the United States District Court for the District of Columbia. *See* Dkt. No. 46-1.

The Court may consider the Deed of Trust, which is part of the pleadings. *See*

*In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. The Court may also consider the Consent Judgment, which is referenced in the Second Amended Complaint and central to Plaintiff's claims. *See* Dkt. No. 44 at ¶¶ 23, 37. The Consent Judgment is also a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Because the documents attached to the Motion to Dismiss are either part of the pleadings, referenced in the pleadings and central to Plaintiff's claims, or matters of public record and therefore subject to judicial notice, there is no need to convert the motions to dismiss into a motion for summary judgment.

## Analysis

### I.  Violations of RESPA

Plaintiff's RESPA claim should be dismissed, without leave to amend or replead, based on Plaintiff's withdrawing the claim. *See* Dkt. No. 51 at 11.

### II.  Violations of the TDCA

Plaintiff was permitted to replead her TDCA claim based on misrepresentations regarding amounts owed on her mortgage loan and alleged wrongful charges because, in her First Amended Complaint, she "made no allegations related to a misrepresentation made by Defendant – other than her conclusory allegations tracking the TDCA's statutory language – or even how the debt was misrepresented." Dkt. No. 36 at 20. In her Second Amended Complaint, Plaintiff alleges that Defendants "provided Plaintiff with a reinstatement quote for over $10,000.00 based on 8 alleged

missed payment, and other various fees and charges," although Plaintiff disputes that she missed eight payments. *See* Dkt. No. 44 at ¶ 34. Plaintiff argues that the "reinstatement quote misrepresents the amount owed by Plaintiff on her mortgage loan." *Id.* Plaintiff also disputes late fees and other charges, including a shortage to Plaintiff's escrow account caused by Defendants paying Plaintiff's homeowner's insurance. *See id.* Plaintiff alleges that these were "misrepresentation[s] of the amount owed by Plaintiff." *Id.*

Defendants urge dismissal of Plaintiff's TDCA claim based on the economic loss doctrine. Dkt. No. 45 at 7-8. Defendants contend that their rights to include the charges complained of by Plaintiff are governed by the loan documents and therefore Plaintiff's TDCA claim is actually a claim for breach of contract. *See id.* at 7.

"In Texas, the economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec.10, 2012) (quoting *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex.2007)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *Id.* (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex.App.-Houston [1st Dist.] 2007, pet. denied)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13). "The focus of the rule

is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted). The burden is on the plaintiff to establish evidence of an independent injury. *See id.* (citing *Esty v. Beal*, 298 S.W.3d 298, 302 (Tex.App.-Dallas 2009, no pet.)).

Although the United States Court of Appeals for the Fifth Circuit has not addressed the application of the economic loss doctrine to TDCA claims in the foreclosure context, district courts within the Fifth Circuit have applied the economic loss doctrine to TDCA claims premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender. *See Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, at *10 (N.D. Tex. Dec. 27, 2013) (applying economic loss doctrine to allegations that defendants misrepresented the character and extent of plaintiffs' mortgage loan and sought other unauthorized charges); *Caldwell v. Flagstar Bank, FSB*, No. 3:12-cv-1855-K, 2013 WL 705110, at *12 (N.D. Tex. Feb.4, 2013), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb.26, 2013) (applying economic loss doctrine to dismiss claims under Texas Finance Code §§ 392.204(a)(8) & (19)).[1]

---

[1] *See also McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *5 (E.D. Tex. Dec.14, 2010), *rec. adopted*, 2011 WL 675386 (E.D. Tex. Feb.16, 2011) (explaining that the plaintiff's allegations of misrepresentation by attempting to collect a debt in violation of the agreement against CitiFinancial stated a breach of contract but not a TDCA claim); *Hicks v. Chase Home Fin. LLC*, No. 3:09-cv-1652-G, 2010 WL 4274745, at *7 (N.D. Tex. Oct. 21, 2010) (judgment vacated following entry of agreed final judgment) (dismissing on summary judgment the plaintiff's claims against Chase under the TDCA for alleged misrepresentations of the amount of the debt and attempts to collect fees not authorized by the modification agreement because they sounded in contract); *Singh*

Here, too, the Court should apply the economic loss doctrine to Plaintiff's repleaded TDCA claim in her Second Amended Complaint. Plaintiff asserts that, by seeking payments and charges or made payments out of escrow in amounts not authorized by the loan documents, Defendants misrepresented what Plaintiff owed under her loan documents – that is, her contract. "This is a breach of contract claim cloaked in the lexicon of the TDCA" and "would convert every breach of contract into a TDCA claim." *Hicks*, 2010 WL 427474, at *7.

Plaintiff also protests that the Court did not dismiss her TDCA claim in her First Amended Complaint based on the economic loss doctrine. But Defendants did not raise this doctrine in their opening motion to dismiss the TDCA claim in that complaint (as opposed to their reply), *see* Dkt. Nos. 22 & 32, and the Court did not need to address the doctrine as a basis for dismissing with prejudice all of Plaintiff's TDCA

---

*v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3891060 (E.D. Tex. Sep.7, 2012) (holding that because the Deed of Trust governed the conduct the plaintiff alleged violated the TDCA, the plaintiff could not recover under a tort theory); *cf. Enis v. Bank of Am., N.A.*, No. 3:12-cv-295-D, 2013 WL 1721961, at *7 n.13 (N.D. Tex. Apr. 22, 2013) ("Even if an exception to the statute of frauds did apply, it is questionable whether Enis could recover damages under the TDCPA for BOA's denying loan modification and seeking foreclosure. The economic loss rule, also called the independent injury rule, apparently would bar Enis' claim because it is 'premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender.' *See Caldwell v. Flagstar Bank, FSB*, 2013 WL 705110, at *12 (N.D. Tex. Feb. 4, 2013) (Horan, J.), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb. 26, 2013) (Kinkeade, J.) (applying economic loss rule to dismiss claims under §§ 392.204(a) (8) & (19)). Enis does not assert that he suffered injury apart from the economic loss of being denied modification and being foreclosed upon. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) ('When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.' (citation omitted)).").

claims other than her claim based on misrepresentations regarding amounts owed on her mortgage loan and alleged wrongful charges, *see* Dkt. No. 36 at 16-20. And Plaintiff had so sparsely pleaded the basis for her Texas Finance Code § 392.304(a)(8) claim in her First Amended Complaint that the Court was not, under the particular circumstances, in a position to evaluate the claim against the economic loss doctrine – and did not do so. *See id.* at 19-20. But, now that Plaintiff has provided further explanation in her Second Amended Complaint related to alleged misrepresentations of the amount owed by Plaintiff and wrongful charges, Defendants have appropriately raised the economic loss doctrine as a basis for dismissal, and the undersigned finds that they are correct.

The undersigned concludes that Plaintiff has failed to plead, and cannot possibly plead, a claim under the TDCA. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend a second time is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"); *Jacquez v. Procunier*, 801 F.2d 789, 791(5th Cir.1986) (leave to allow a pro se plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case"). This claim should be dismissed with prejudice.

### III.  Request for a Declaratory Judgment

In the Second Amended Complaint, Plaintiff asks the Court to "consider the

terms of the April 4, 2012 Consent Judgment, the Deed of Trust contract and Note and find that Defendants have materially breached the Consent Judgment, that Defendants have unclean hands, that Defendants waived their right to foreclose, and that Defendants are wrongfully attempting to foreclose on Plaintiff's property." Dkt. No. 44 at ¶ 37.

Defendants move to dismiss Plaintiff's declaratory judgment request based on improper venue, Plaintiff's lack of standing, and Plaintiff's failure to satisfy conditions precedent. *See* Dkt. No. 45, 8-10. Plaintiff declines to respond to any of Defendants' arguments and states that "the Declaratory Judgment Act is not a cause of action and does not form the basis of a cause of action." Dkt. No. 51 at 11.

The undersigned interprets this response as Plaintiff's declining to pursue a declaratory judgment on any bases other than as a remedy for her TDCA claim. And, because the undersigned has concluded that Plaintiff's TDCA claim should be dismissed with prejudice, Plaintiff's request for a declaratory judgment cannot avoid dismissal.

In any event, any claim asserted by Plaintiff for breach of the Consent Judgment should also be dismissed for lack of standing. Generally, "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it" even if they were intended to be benefitted by it. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975), *abrogated on other grounds by Merrill Lynch v. Dabit*, 547 U.S. 71 (2006). Courts have considered and rejected claims brought by plaintiffs against these Defendants and those similarly situated on the basis of the same consent

judgment that Plaintiff claims was violated here. *See, e.g., Choe v. Bank of Am., NA*, 3:13-cv-120-D, 2013 WL 3196571, at *7 (N.D. Tex. June 25, 2013); *Reynolds v. Bank of America, N.A.*, No. 3:12-cv-1420-L, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013) (analyzing the District of Columbia consent judgment between Bank of America and the federal government and finding that "[p]laintiffs do not have standing to enforce a consent decree that banks have entered into with the government").

## IV. Request for an Accounting

In the Second Amended Complaint, Plaintiff asks the Court to enter "an Order for an accounting of all transactions on her mortgage loan." Dkt. No. 44 at ¶ 38. She also seems to tie this relief to her now-withdrawn RESPA claim, specifically. *See id.* at Prayer. As Plaintiff acknowledges, *see* Dkt. No. 51 at 11, an accounting is a remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011). Because the undersigned has concluded that none of Plaintiff's claims can withstand dismissal, Plaintiff's request for an accounting likewise cannot avoid dismissal.

## Recommendation

The Court should grant Defendants' Motion to Dismiss [Dkt. No. 45] and dismiss Plaintiff's Second Amended Complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE